IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ADRIAN HANEA,

                Plaintiff,

v.                                1:14-cv-1173-WSD

TIFFANY BOGGAN,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [3] ("R&R"), which recommends remanding to state court this dispossessory action that Defendant Tiffany Boggan ("Defendant") wrongfully removed to this Court.

**I.    BACKGROUND**

This is a dispossessory action filed by Plaintiff Adrian Hanea ("Plaintiff") against Defendant in the Magistrate Court of Gwinnett County, Georgia. On April 21, 2014, Defendant removed the case to this Court by filing her "Petition for Removal" and an application to proceed *in forma pauperis* ("IFP Application"). Although not entirely clear from Defendant's submissions, Defendant appears to assert that, in attempting to evict Defendant from her home, Plaintiff violated the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Federal Rules of Civil Procedure, and the Due Process Clause of the Fourteenth Amendment.

On April 25, 2014, Magistrate Judge Anand granted Defendant's IFP Application. Judge Anand also considered *sua sponte* the question of federal jurisdiction and issued his R&R recommending that the Court remand this case to state court. The R&R concludes that federal question jurisdiction is lacking because there is no indication that this case is brought pursuant to federal law, and a defense or counterclaim based on federal law is insufficient to confer federal subject-matter jurisdiction. The Magistrate Judge thus concluded that there is no federal jurisdiction over this cause of action and that the case is required to be remanded to state court.

Neither party filed objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

 B. Analysis

Defendant has not filed an objection to the R&R's conclusion that the Court lacks subject matter jurisdiction over this action. The Court does not find any error in that conclusion. The Court lacks federal question jurisdiction over this matter because a federal question is not presented on the face of Plaintiff's Complaint, and Defendant's assertions of defenses or counterclaims based on federal law cannot confer federal subject matter jurisdiction over this matter. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002).[1] Because the Court lacks subject matter jurisdiction over this matter, the action is required to be remanded. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[1] Although not addressed in the R&R, the Court also lacks diversity jurisdiction over this matter because Defendant has not demonstrated that she and Plaintiff are citizens of different states or that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a); see also Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that the defendant must establish the basis for diversity jurisdiction over a removed action).

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [3] is **ADOPTED**.  The Clerk is **DIRECTED** to **REMAND** this action to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this 29th day of May, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE